**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Jose Doe, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE § 1915(e)(2) SCREENING,** |
| | ) | **FOR SERVICE OF COMPLAINT,** |
| vs. | ) | **AND TO SHOW CAUSE** |
| | ) | |
| Jason T. Olson, Chief of Police, Minot | ) | |
| Police Department; Sgt. Dave Goodman, | ) | |
| in his individual and official capacities; | ) | |
| Detective Thompson, in her individual and | ) | |
| official capacities; Detective Jesse Smith, | ) | |
| in his individual and official capacities; | ) | |
| Criminal Investigation Bureau, and | ) | |
| an Unknown Number of Unknown Federal | ) | |
| (ICE) and City of Minot Agents of Law | ) | Case No. 4:14-cv-119 |
| Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jose Doe ("Doe") has been granted leave to proceed *in forma pauperis* in the above-captioned case. The matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2) in advance of the court ordering service of process. Plaintiff has consented to the exercise of jurisdiction by the undersigned. For the reasons set forth below, Doe's claims against defendants Jason T. Olson and the Criminal Investigation Bureau will not be permitted to proceed at this point, and Doe will be permitted to proceed with his claims against the remaining named defendants.[1]

---

[1] The court doubts that "Jose Doe" is plaintiff's real name. This court's order should not be taken as permitting plaintiff to use a pseudonym in this litigation. This is a point that may have to be resolved later.

1

**I.     STANDARDS GOVERNING § 1915(e)(2) REVIEW**

Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying the standard, the court must accept the plaintiff's factual allegations as true. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Pro se complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). However, in construing a pro se complaint, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

To state a cognizable claim for violation of federal civil rights under 42 U.S.C. § 1983, the plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). The pleading must also allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113

(8th Cir. 1999).

## II. DISCUSSION

### A. Claims against Chief of Police Jason T. Olson

Doe's complaint does not allege that Minot Chief of Police Olson was directly involved in the actions Doe asserts give rise to his claims. The only place Olson's name appears in the complaint is in the portions where the defendants are identified.

"In a § 1983 case an official 'is only liable for his . . . own misconduct' and is not 'accountable for the misdeeds of [his] agents' under a theory such as *respondeat superior* or supervisor liability." Nelson v. Corr. Med. Servs., 583 F.3d 522, 534-35 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 677 (2009)). A supervisor may be held individually liable for direct participation in a constitutional violation or if a failure to properly supervise and train an employee caused a deprivation of constitutional rights. Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001). To show liability for failure to train, a plaintiff must show "that the supervisor was deliberately indifferent to or tacitly authorized the offending acts" which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." Id.

The allegations in Doe's complaint are insufficient to state a claim against Olson for supervisory liability, for any other § 1983 violation, or under any other theory. Accordingly, Doe's claims against Olson are subject to dismissal.

### B. Claims against Criminal Investigation Bureau

In naming the "Criminal Investigation Bureau," the court assumes that Doe intended to refer to the North Dakota Bureau of Criminal Investigation. The Bureau of Criminal Investigation is an

agency of the North Dakota Attorney General's Office.[2]

The Eleventh Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Congress may abrogate the States' sovereign immunity by expressing its unequivocal intention to do so and acting pursuant to a valid grant of constitutional authority, or a State may waive its sovereign immunity by consenting to suit in federal court. See Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Congress did not abrogate the States' sovereign immunity in enacting § 1983, Quern v. Jordan, 440 U.S. 332, 340-45 (1979), and North Dakota has not waived its immunity. Moore v. Hoeven, No. 3:08-CV-50, 2009 WL 3064742, at * 3 (D.N.D. Sept. 22, 2009) (citing N.D.C.C. § 32-12.2-10). Further, a State is not is a "person" that can be held liable for damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). North Dakota's Eleventh Amendment immunity extends to state agencies and entities when the state itself is the real party in interest. See, e.g., Regents of the Univ. of California v. Doe, 519 U.S. 425, 429-30 (1997); Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999). State immunity applies regardless of the nature of the relief requested. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984).

The North Dakota Bureau of Criminal Investigation is a state agency immune from suit in federal court. Accordingly, Doe's claims against the "Criminal Investigation Bureau" are subject to dismissal.

---

[2] See North Dakota Attorney General, nd.gov, http://www.ag.nd.gov/BCI/BCI.htm (accessed December 4, 2014).

4

### C. Claims against Sergeant David Goodman, Detective Thompson, and Detective Jesse Smith

Doe's complaint contains specific allegations against Goodman, Thompson, and Smith. Upon initial review, the court is not prepared to conclude that no claim for relief has been stated. Accordingly, the court will order that service of process be made upon these defendants.

### III. ORDER

For the reasons stated above, the court **ORDERS** that:

1. The Clerk's Office shall effectuate service of the summons and complaint upon defendants Goodman, Thompson, and Smith in accordance with Rule 4 of the Federal Rules of Civil Procedure, and if necessary, service shall be made by the United States Marshals Service.

2. The court will not order the Clerk's Office to serve either Chief of Police Jason T. Olson or the Criminal Investigation Bureau and these defendants will be dismissed without prejudice for the reasons stated above unless Doe within fifteen (15) days of the filing of this order shows cause why they should not be dismissed.

Dated this 9th day of December, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court