**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Jose Doe, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER SETTING** |
| | ) | **BRIEFING DEADLINES** |
| vs. | ) | |
| | ) | |
| Jason T. Olson, Chief of Police, Minot | ) | |
| Police Department; Sgt. Dave Goodman, | ) | |
| in his individual and official capacities; | ) | |
| Detective Thompson, in her individual and | ) | |
| official capacities; Detective Jesse Smith, | ) | |
| in his individual and official capacities; | ) | |
| Criminal Investigation Bureau, and | ) | |
| an Unknown Number of Unknown Federal | ) | |
| (ICE) and City of Minot Agents of Law | ) | Case No. 4:14-cv-119 |
| Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |

On March 17, 2015, the court held a telephonic status conference in the above-captioned case. Plaintiff appeared on his own behalf. Attorney Shawn A. Grinolds appeared on behalf of Defendants Sergeant Dave Goodman and Detective Thompson. Attorney Douglas Alan Bahr appeared on behalf of Defendant Jesse Smith.

The purpose of the status conference was to establish deadlines for Plaintiff to file responses to Defendants' pending motions to dismiss and for summary judgment (Docket Nos. 31, 36, 39 & 43). The court addressed separately Plaintiff's deadlines for responding to (1) Defendants' arguments regarding Plaintiff's use of the pseudonym "Jose Doe" and (2) Defendants' arguments relating to the merits of Plaintiff's claims. The court asked Plaintiff what he believed he needed to permit him to adequately respond to the two categories of arguments.

1

With regard to Plaintiff's use of a pseudonym, Plaintiff acknowledged that his name is not "Jose Doe." Plaintiff stated that all he needed to be able to adequately respond to Defendants' arguments that he should be required to pursue this action under his true name was additional time. Plaintiff stated that he had nearly completed his response to the pseudonym issue and agreed that he would be able to have his response prepared by the beginning of next week. Accordingly, the court **ORDERS** that Plaintiff's response to Defendants' arguments relating to his use of a pseudonym shall be postmarked by March 23, 2015. Defendants shall file any reply within seven (7) days of the filing of Plaintiff's response.

With regard to Defendants' arguments on the merits, Plaintiff stated that in addition to needing additional time, he believed he needed additional resources including (1) a court-appointed attorney and (2) a court-appointed expert to help him understand the technical computer issues relevant to his case. With regard to Plaintiff's request for counsel, the court noted that it had denied Plaintiff's previous requests for counsel, see Docket Nos. 16 & 42, and stated that it was not inclined to appoint counsel at this time for the reasons given in its previous orders. The court further advised that Plaintiff was free to retain counsel at any time and that if counsel was retained, appropriate extensions of time would be granted. With regard to Plaintiff's request for a computer expert, the court stated that it would not be inclined to provide assistance for an expert given that it appeared any forensic computer issues were tangential to Plaintiff's primary claims and unlikely to generate any relevant evidence. After these issues were discussed, Plaintiff advised that if the court was not going to appoint an attorney or a computer expert, the only thing he would request to permit him to adequately respond to Defendants' arguments on the merits was additional time. Plaintiff agreed that he would be able to prepare his response by the end of the month. Accordingly,

the court **ORDERS** that Plaintiff's response to Defendants' arguments on the merits shall be postmarked by March 31, 2015.  Defendants shall file any reply to within fourteen (14) days of the filing of Plaintiff's response.

    **IT IS SO ORDERED.**

    Dated this 17th day of March, 2015.

                                            */s/ Charles S. Miller, Jr.*
                                            Charles S. Miller, Jr., Magistrate Judge
                                            United States District Court