# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jose Doe, | ) |
| | ) |
| Plaintiff, | ) **ORDER ADOPTING REPORT** |
| | ) **AND RECOMMENDATION** |
| vs. | ) |
| | ) Case No. 4:14-cv-119 |
| Sgt. Dave Goodman, in his individual and | ) |
| official capacities; Detective Thompson, | ) |
| in her individual and official capacities; | ) |
| Detective Jesse Smith, in his individual | ) |
| and official capacities; and an unknown | ) |
| number of unknown Federal (ICE) and | ) |
| City of Minot Agents of Law Enforcement, | ) |
| | ) |
| Defendants. | ) |

___

This action arises out of an investigation into the transfer of illicit images of children from an Internet Protocol ("IP") address assigned to a Minot, North Dakota, residence in which Plaintiff was subletting a basement bedroom. In September 2014, the Plaintiff initiated this action under the pseudonym "Jose Doe." See Docket No. 1. The Plaintiff's complaint alleges law enforcement officers unlawfully searched his rented bedroom and vehicle during the course of the investigation, his rights under the Privacy Act were violated, and he was ostensibly defamed by law enforcement officials. See Docket No. 9. The Plaintiff claims he lost both his job and his rented room, and his personal property was damaged during the searches.

Pending before the Court are the following motions:

1) "Motion to Dismiss or, in the Alternative, for Summary Judgment," filed by Defendants Sgt. Dave Goodman and Detective Thompson (collectively the "Minot Defendants") on February 10, 2015, seeking dismissal on the merits, and arguing they are entitled to

qualified immunity, and Plaintiff should not be permitted to proceed under a pseudonym (Docket Nos. 31 and 39);

2) "Motion to Dismiss for Failure to State a Claim," filed by Defendant Detective Jesse Smith on February 13, 2015, arguing Plaintiff should not be permitted to proceed under a pseudonym (Docket No. 36);

3) "Motion for Judgment on the Pleadings," filed by Defendant Detective Jesse Smith, joining in the Minot Defendants' motion to dismiss on the merits (Docket No. 43); and

4) "Motion for Leave to Proceed with a Pseudonym," filed by Plaintiff Jose Doe, seeking to proceed under a pseudonym (Docket No. 49).

On March 8, 2016, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation in which he recommended: 1) the Court grant the Motion to Dismiss or, Alternatively, for Summary Judgment by Defendants Goodman and Thompson (Docket Nos. 31 and 39) and the Motion for Judgment on the Pleadings by Defendant Smith (Docket No. 43), but only to the extent of dismissing with prejudice the Plaintiff's federal constitutional and Privacy Act claims on the merits, and also on grounds of qualified immunity to the extent that Defendant Goodman and Thompson are sued in their individual capacities; 2) the Court dismiss without prejudice any state law claims the Plaintiff may be asserting; 3) the Court deem moot Defendant Smith's Motion to Dismiss (Docket No. 36) and the Plaintiff's Motion to Proceed with a Pseudonym (Docket No. 49). See Docket No. 71. The parties were given fourteen days to file any objections to the Report and Recommendation. On March 24, 2016, the Court granted the Plaintiff's motion for extension of time, allowing the Plaintiff until April 8, 2016, to file an objection to the Report and Recommendation. See Docket No. 73. On April 6, 2016, the Plaintiff filed an objection. See Docket No. 74.

The Court has carefully reviewed Judge Miller's Report and Recommendation, the objection to the report, the relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 71) in its entirety and **ORDERS** as follows:

1. Defendant Goodman and Thompson's "Motion to Dismiss or in the Alternative, for Summary Judgment" (Docket No. 31 and 39) <u>and</u> Defendant Smith's "Motion for Judgment on the Pleadings" (Docket No. 43) shall be **GRANTED.** The Plaintiff's federal constitutional and Privacy Act claims are **DISMISSED WITH PREJUDICE** on the merits and on grounds of qualified immunity. The Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**; and

2. Defendant Smith's Motion to Dismiss (Docket No. 36) and Plaintiff's Motion to Proceed with a Pseudonym (Docket No. 49) are **FOUND MOOT**.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2016.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court